Linda T. Hollenbeck, SBN 145048
lhollenbeck@hollenbecklaw.com
Andrea N. Garcia-Miller, SBN 231263
agarcia-miller@hollenbecklaw.com
HOLLENBECK & CARDOSO, LLP
444W. Ocean Blvd., Suite 705
Long Beach, CA 90802
(562) 912-7712 (tel)
(562) 912-7728 (fax)

Attorneys for Defendants,
AIMCO PARK LA BREA HOLDINGS, LLC;
OP PROPERTY MANAGEMENT, LP;
AIMCO RESIDENTIAL GROUP OF CALIFORNIA, INC.;
AIMCO PARK LA BREA SERVICES, LLC;
LA PARK LA BREA A, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN YATOOMA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AIMCO PARK LA BREA HOLDINGS, LLC, OP PROPERTY MANAGEMENT, LP; AIMCO RESIDENTIAL GROUP OF CALIFORNIA, INC.; AIMCO PARK LA BREA SERVICES, LLC; LA PARK LA BREA A, LLC<br><br>　　　　Defendant(s). | Case No.: 2:16-cv-03264-JFW-KS<br><br>**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY**<br><br>Department: 7A |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and Protective Order Re: Confidentiality ("Stipulation") filed on February 8, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that**

**those terms have been modified by the Court's amendment of paragraphs 3(e), 4, 8, 11, 17, 18, 19, 20 and 22 of the Stipulation.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

In order to prevent public disclosure of information and the dissemination of trade secrets, other confidential research and development and/or commercial information, and/or proprietary information which may result in irreparable harm or injury to the Defendants AIMCO PARK LA BREA HOLDINGS, LLC, OP PROPERTY MANAGEMENT, LP; AIMCO RESIDENTIAL GROUP OF CALIFORNIA, INC.; AIMCO PARK LA BREA SERVICES, LLC; LA PARK LA BREA A, LLC (collectively, "AIMCO"); and to prevent public disclosure of information relating to an insurance claim for his home in Michigan for which disclosure may result in annoyance or irreparable harm or injury to Plaintiff, Norman Yatooma ("Plaintiff").

THE PARTIES HERETO, AND THEIR RESPECTIVE COUNSEL, HEREBY STIPULATE AND AGREE that the following provisions shall apply to all pleadings and deposition transcripts in this litigation, and all discovery documents, including depositions and evidentiary documents exchanged between the parties and their respective counsel or other agents/representatives/employees or otherwise used or exchanged in connection with this litigation (including attorney work product):

1. CONFIDENTIAL INFORMATION (as hereinafter defined) SHALL NOT BE DISCLOSED TO ANYONE OTHER THAN TO A QUALIFIED PERSON (as hereinafter defined), SHALL BE HELD IN CONFIDENCE BY ANY PERSON TO

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

WHOM IT IS DISCLOSED, AND SHALL BE USED SOLELY IN PREPARATION FOR AND IN CONNECTION WITH ANY SETTLEMENT MEETINGS, HEARINGS AND TRIAL IN THIS ACTION.

## Confidential Information

2. The term "Confidential Information" shall mean any business information of every nature, type, and description, relating to the business of AIMCO, including but not limited to information pertaining to any and all trade secrets, confidential research and development, operational manuals or practices, commercial information, proprietary information, which is not publicly known or which cannot be ascertained from an inspection of publicly available documents or materials, whether such information is in documentary or oral form, and any information that is designated by AIMCO (or third party) producing the information as being "Confidential" by AIMCO (or third party) at the time of its production or use, whether the production be made voluntarily or otherwise, which includes but is not limited to training manuals and anything designated "Confidential Business Information" during discovery. The term "Confidential Information" shall also include any information relating to Plaintiff's insurance claim for his home in Michigan, including but not limited to information pertaining to the basis of Plaintiff's insurance claim, the status of the insurance claim, or any compensation received or pursued from the insurance claim, which is not publicly known or which cannot be ascertained from an inspection of publicly available documents or materials, whether such information is in documentary or oral form, and any information that is designated by Plaintiff (or third party) producing the information as being "Confidential" by Plaintiff (or third party) at the time of its production or use, whether the production be made voluntarily or otherwise during discovery.

## Qualified Person

3. The term "Qualified Person" shall mean:

   a. Plaintiff;

      b. AIMCO;

      c. Counsel of record for any party, including partners of counsel or principals of the firm, associate attorneys and paralegals of counsel's law firm who are assigned to this litigation, and all clerks, stenographic and clerical employees acting under the supervision of each such attorney or paralegal;

      d. Experts, and members of their staff employed by any party in connection with this litigation, provided that (i) each such expert is given a copy of this Stipulation and Protective Order; (ii) such expert is specifically advised that the Confidential Information so disclosed or communicated may not be used or disclosed other than in strict compliance with this Stipulation and Protective Order; and (iii) that such expert signs a Declaration of Compliance (in the form attached hereto as Exhibit "A"), stating that he or she has read and understands the  Stipulation and Protective Order and agrees to be bound by its terms, which Declarations shall be served upon each party to this action forthwith upon the retention of any such expert by any party, or their counsel;

      e. There may be some individuals, not deemed "Qualified Persons" as defined above to whom counsel for either party may wish to view or receive Confidential Information.  ~~Counsel shall obtain a Court order before releasing Confidential Information to any such persons and~~ **A**ny such persons shall be required to execute a Declaration of Compliance.  No release of Confidential Information may be made to any person without the execution of a Declaration of Compliance.

### Identification of Confidential Information

4. Any writing **or information (regardless of how it is generated, stored or maintained)or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(C), and as specified in the statement of good cause above** ~~as defined in Section 250 of the California Evidence Code~~ designated as Confidential Information as defined herein, shall be identified as such by typing or stamping or otherwise affixing on its face the words "Confidential", "Confidential Pursuant to Court Order", or words of similar import which include the word "Confidential."  The

"Confidential" notation shall be placed on at least the first page of a multi-page document.  Such notation need not be placed on the original document made available for inspection, but may instead be placed upon copies produced or exchanged.  All copies made of writing so designated shall also constitute Confidential Information subject to the terms of this Stipulation and Protective Order.  **The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.**

5.  The designation of information as Confidential Information pursuant to this Stipulation and Protective Order, shall not be construed as a concession by any other party that such information is relevant or material to any issue.  Nothing in this Stipulation and Protective Order shall preclude or limit counsel for either party's use of Confidential Information as defined herein, in any Court hearing or proceeding, whether evidentiary or otherwise, in this action.

### Deposition Transcripts, Audio Recordings and Video Recordings

6.  All deposition transcripts, whether rough or final, resulting from depositions taken in the action which contain Confidential Information shall bear the following prominent and conspicuous legend on the cover of each volume of said deposition transcript:

> THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF SUCH

>CONFIDENTIAL INFORMATION IS A VIOLATION OF COURT
>ORDER. A COPY OF SUCH ORDER IS CONTIANED HEREIN.

Each such deposition transcript shall also contain a copy of this Stipulation and Protective Order immediately following the cover page.

      7. All audio or video recordings in any form or format and transcripts of any depositions of the parties, or either of them, or of any third party, shall be returned to the party who caused the taking of such deposition, at the conclusion of this case (unless otherwise agreed to by the parties). The original of the audio or video depositions and transcripts shall be held by counsel for the party taking the depositions, and a copy shall be made by a videographer and delivered to counsel for the witness. Neither the court reporting service nor the videographer shall retain copies of any depositions, audio or video recordings. If used in trial, depositions, audio and video recordings shall be returned to the party who caused the taking of such deposition after the final judgment on all issues, and not be made a part of the permanent Court record as an Exhibit, or otherwise. The audio recordings, video recordings or transcripts of any deposition shall not be disseminated or broadcast in any manner by either party or their agents or the videographer or the court reporter or other agents of any court reporting service company, or any language translator, all of whom shall be subject to comply with the terms of this Stipulation and Protective Order. Any video shall have affixed to its exterior the following legend:

>THIS VIDEO (OR AUDIO) RECORDING CONTAINS CONFIDENTIAL
>INFORMATION SUBJECT TO A PROTECTIVE ORDER ISSUED BY
>THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
>CALIFORNIA. UNAUTHORIZED ACCESS TO, USE OF, OR
>DISCLOSURE OF SUCH CONFIDENTIAL INFORMATION IS A
>VIOLATION OF COURT ORDER.

STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY

8. Counsel for each party will be allowed to make copies of the deposition transcripts, audio recordings or video recordings of the deposition in this matter ~~in this matter~~. However, counsel will not release or disseminate the subject transcript, audio recording or video recordings to anyone other than Qualified Persons, and then only after such persons have been given a copy of this Stipulation and Protective Order and have been specifically advised that the Confidential Information so disclosed or communicated may not be used or disclosed other than in strict compliance with this Stipulation and Protective Order, and after such Qualified Person executed a declaration of Compliance (in the form attached as Exhibit "A") stating that he or she has read and understands the Stipulation and Protective Order and agrees to be bound by its terms which Declarations shall be served upon the other party to this action forthwith.

## Non-Disclosure of Confidential Information

9. Plaintiff, AIMCO, and their respective counsel, and any Qualified Person executing a Declaration of Compliance, specifically represent and warrant that they will not disclose, disseminate or communicate any Confidential Information to the media, which shall include, but not be limited to, any form of magazines, newspapers, tabloids, books, reporters, writers, producers, television, radio, internet, cyberspace communication and any other form of the media or any other person who is not deemed to be Qualified Person under this order.

10. The parties and counsel agree that they shall take all reasonable measures to protect the secrecy of and avoid disclosure or use of Confidential Information as defined herein in order to prevent it from falling into the public domain or the possession of persons other than those persons authorized under this Stipulated Protective Order to have or come into contact with any of such Confidential Information. Such reasonable measures shall include, but not be limited to, the same degree of care that a party or counsel utilizes to protect his/her own Confidential Information of a similar nature, which shall be no less than reasonable care. The parties and counsel agree to notify each other

in writing of any actual or suspected misuse, misappropriation or unauthorized disclosure of Confidential Information which may come to the party or counsel's attention.

11. ~~In the event that any Confidential Information is used in any hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using same shall take all reasonable steps to maintain its confidentiality during such use.~~ **Any use of Confidential Information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Information at trial. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

12. Confidential Information may also be produced to the following and for the following purposes, subject to paragraph 11 above:

    a. The Court and necessary Court personnel;

    b. Outside photocopying, data processing or graphic production services employed by the parties to this action or their respective counsel to assist in this litigation; and

    c. Court reporters and videographers transcribing or videoing depositions or testimony in this action.

13. Any documents or tangible things designated as Confidential Information that are identified as an exhibit in connection with testimony given in any proceeding associated with the above entitled action shall be marked with the label "Confidential Information," and any testimony concerning the document or thing shall also be

8

considered Confidential Information and shall be subject to the terms of this Stipulated Protective Order.

### Return of Materials

14. On final disposition of the above-entitled action, counsel for either party and those persons to whom Confidential Information was released having possession, custody or control of Confidential Information shall promptly return all original documents and tangible items covered by this Order to counsel for the owning party. Counsel for either party and those persons to whom Confidential Information was released under this agreement may retain copies, transcripts, notes and extracts containing Confidential Information, as may be required by statute or ethical standards, which shall be kept in a safe and secure place and not in files open to public inspection until the required time for retention has lapsed. After the required time for retention has lapsed, the Confidential Information shall be destroyed. The parties, counsel for either party and those persons to whom Confidential Information was released under this agreement shall remain subject to the provisions in this agreement.

### Counterpart Signatures; Facsimile Signatures

15. This Stipulated Protective Order may be executed in two (2) or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument. The parties shall be entitled to rely on delivery by facsimile machine of an executed copy of this Stipulated Protective Order and such facsimile copy shall be effective to create a valid and binding Stipulated Protective Order among the parties in accordance with the terms herein.

### Admissibility

16. Nothing in this Stipulated Protective Order affects in any way the admissibility of any documents, testimony, or other evidence at trial or restricts the use of information from sources other than discovery conducted under the terms of this Stipulated Protective

Order.  Counsel shall confer with the Court to develop appropriate trial procedures to avoid public disclosure of Confidential Information.

### Inadvertent Disclosure

17. If any Confidential Information in the form of records, writings, statements, documents and/or materials of any kind ("Material") is inadvertently provided to a Discovering **(or "receiving")** Party without being marked as CONFIDENTIAL in accordance with this Order, the failure to so mark the Material shall not be deemed a waiver of its confidentiality.  **When a Producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.** Until the Producing Party designates said Material as CONFIDENTIAL, the discovering party shall be entitled to treat it as non-confidential.  When the Material is designated as confidential, the Discovering Party shall take prompt steps to assure that the Material is marked as CONFIDENTIAL or return to the Producing Party for confidential designation pursuant to this Order.

18. If any Material subject to any privilege or legal prohibition against disclosure is inadvertently provided to a Discovering Party, the fact of disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure.  Upon notification by a Producing Party that Material subject to a privilege or legal prohibition against disclosure has been provided inadvertently, the Discovering Party shall either (1) immediately return the Material, including any copies of the Material, to the Producing

Party, and shall destroy any notes or work product concerning the Material; or (2) if the Discovering Party disagrees with the Producing Party's claim, **the challenging party shall initiate the dispute resolution process under Local Rule 37.1 et seq**. **before** the dispute ~~shall be~~ **is** submitted to the Court, or a referee designated by the Court, for its resolution**.** ~~before the Discovering Party uses the Material.~~ **Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge**. In any such dispute, the ~~party seeking return of the Material~~ **Designating Party** shall have the burden of making the motion to establish entitlement to return of the Material.

### Further Protection and Relief

19. The terms of this Stipulation and Protective Order shall not affect the right of any persons or party to seek whatever further protection, relief or remedies are available under applicable Federal ~~or California~~ law, or to seek appropriate amendments to this Stipulation and Order as dictated by the experience of the parties in operating under its terms or for good cause shown. The terms of this Stipulation and Protective Order shall not affect the ability of either party to request the Court to determine whether or not any certain document(s) be deemed Confidential Information.

### Binding on the Parties

20. This Stipulation and Protective Order shall survive as the parties' agreement. ~~and is not dependent on a Court's order for its approval.~~ This Stipulation and Protective Order shall be binding on the parties and all Qualified Personas as if a Court order was in place.

21. An order may be based on this Stipulation without further notice or hearing.

**22. A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5. Protected material may only be filed under seal pursuant**

**to a court order authorizing the sealing of the specific protected material at issue. If a party's request to file protected material under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.**

  **IT IS SO ORDERED.**

DATED: February 13, 2017

                _____
                KAREN L. STEVENSON
               UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY

# EXHIBIT "A"

**DECLARATION OF COMPLIANCE WITH AND CONSENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

I, _____, declare as follows:

1. I understand that information deemed confidential and proprietary is going to be provided to me pursuant to the terms and restrictions of a STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY dated _____, in the matter of NORMAN YATOOMA v. AIMCO PARK LA BREA HOLDINGS, LLC, et al., District Court of California, Central District of California, Case No. 2:16-cv-03264-JFW-KS.

2. I have received and read a copy of the STIPULATION AND PROTECTIVE ORDERS RE: CONFIDENTIALITY. I acknowledge that I understand the content of the STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY, and prior to signing this Declaration, have had the opportunity to have its legal effect explained to me by counsel of my own choosing. I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information disclosed to me in connection with the Action except in accordance with the terms of the STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY. I consent to personal jurisdiction over me by the United States District Court, Central District of California for purposes of enforcing the STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY.

I declare under penalty of perjury, under the laws of the United States of America and State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 20__ at _____, California.

_____

By:_____

STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY